# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| **CORY L. CHENAULT, SR.,** | **CIVIL NO. 5:18-CV-276-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **RANDSTAD USA MANUFACTUING AND LOGISTICS,** *et al.*, | |
| **Defendants.** | |

This matter is before the Court on Defendants Randstad USA Manufacturing and Logistics, Anna Lewis, and Jessica Martin's (the "Randstad Defendants") Motion for Judgment on the Pleading and/or Motion to Dismiss (DE 25), *pro se* Plaintiff Cory L. Chenault's Motion to Facilitate Settlement (DE 29), and the Randstad's Defendants Motion to Strike, or in the Alternative Seal, Exhibit to Plaintiff's Motion to Facilitate Settlement (DE 38). For the reasons set forth below, the Court will dismiss all claims except Chenault's claim for unpaid wages under the Fair Labor Standards Act (FLSA), direct the parties to schedule a settlement conference, and place under seal the settlement offer filed on the record by Chenault.

**I. Background**

On April 23, 2018, Plaintiff Cory Chenault filed two nearly-identical complaints in Case No. 5:18-cv-276-KKC and Case No. 5:18-cv-277-KKC, which the Court has consolidated into this case. (DE 8.) Chenault alleges that he was employed by Randstad USA Manufacturing and Logistics as a temporary worker and assigned to work for Saddle Creek Logistics Services. He claims that, during his first week staffed at Saddle Creek, he worked forty-seven hours, but was only compensated for twenty hours. He asserts that his claims arise under the Fair Labor Standards Act, Fair Employment Practice, Fair Employment Act, Unfair Labor Practices of Employers, Discrimination, Equality Act 2010. He seeks relief in the form of damages for

emotional stress, time loss in wages, overtime earned loss, future wage loss, loss of employment, and punitive damages in the amount of $500,000.

**II. Standard of Review**

A civil complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The same standard applies for motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Sensations, Inc. v. Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). Because Chenault is proceeding pro *se*, the Court must "liberally construe [his] pleading and hold the complaint to a less stringent standard than a similar pleading drafted by attorneys." *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss under Rule 12(b)(6), "[t]he complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born* 835 F.3d 623, 640 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)). Legal conclusions that are couched as factual allegations, however, need not be accepted. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court has further elaborated on the requirements of Rule 8(a)(2) in two cases: *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plausible does not mean probable; a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but falls short if the "complaint pleads facts that are "merely consistent with" a defendant's liability." *Id.* (citing *Twombly*, 550 U.S. at 556–57).

**III. Analysis**

Three motions are pending before the Court. First, the Randstad Defendants seek dismissal of all of Plaintiff's claims except his claim under the FLSA. 29 U.S.C.A. § 201, *et seq*. Second, Chenault moves the Court to schedule a settlement conference in this matter pursuant to Federal Rule of Civil Procedure 16(a)(5). And, lastly, the Randstad Defendants ask the Court to strike or seal the settlement letter filed on the record by Chenault. These motions are addressed in turn.

*A. Motion to Dismiss*

The Randstad Defendants seek dismissal of Chenault's claims for discrimination, emotional stress, future wages, loss of employment, punitive and exemplary damages, and for unspecified state laws. All of Chenault's claims, with the exception of his claim for unpaid wages under the FLSA, fail to state a claim upon which relief can be granted.

Chenault relies on unknown statutes for his discrimination claims, such as the "Fair Employment Practice, Fair Employment Act, [and] Unfair Labor Practices of Employers." (Case No. 5:18-CV-276-KKC, DE 1, at 3.) The Equality Act of 2010 upon which he relies appears to be a British law that is irrelevant to this action. *See* Equality Act 2010, *available at* http://www.legislation.gov.uk/ukpga/2010/15/pdfs/ukpga_20100015_en.pdf (last visited August 15, 2018). Chenault has also not pleaded plausible facts alleging claims of discrimination. Nor has Chenault identified any state law basis for his discrimination claim.

Plaintiffs claims for emotional stress, loss of employment, future wages, punitive damages, and exemplary damages are also subject to dismissal. Punitive damages are not available under the FLSA and Chenault has not identified any other basis for recovery of punitive or exemplary damages. *See Bowman v. Builder's Cabinet Supply Co.*, 2006 WL 2460817, at *11 (E.D. Ky. 2006). Chenault does not plead any facts challenging the validity of his termination, and therefore he is only entitled to seek unpaid wages and overtime not loss of wages or future employment. *See* 29 U.S.C. §§ 206, 207. And Chenault has also not pleaded any facts to substantiate his claims of emotional distress.

Finally, Chenault's claims against Anna Lewis and Jessica Martin are subject to dismissal because Chenault ahs failed to state a claim that they were his "employer" under the FLSA. 29 U.S.C. § 203(d); *see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991).

B. *Motion to Facilitate Settlement and Motion to Seal*

Plaintiff has filed a motion to facilitate settlement and the Randstad Defendants have indicated that they desire the Court to appoint a magistrate judge to act as a non-binding mediator and direct the parties to schedule a settlement conference. The parties should contact Magistrate Judge J. Gregory Wehrman directly to schedule a settlement conference.

The Randstad Defendants have moved to strike or seal the settlement letter filed on the record by Chenault at DE 29-1. Because "[t]here exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations," the Court will Order the Clerk of the Court to place the settlement letter under seal in order to preserve the record. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). The Court will not consider the settlement letter for any purpose.

## IV. Conclusion

Accordingly, the Court **HEREBY ORDERS** that:

(1) The Motion for Judgment on the Pleadings and/or Motion to Dismiss filed by Defendants Randstad USA Manufacturing and Logistics, Anna Lewis, and Jessica Martin (DE 25) is **GRANTED**;

(2) Defendants Anna Lewis and Jessica Martin are **TERMINATED** as Defendants in this matter;

(3) Plaintiff's Complaint is **DISMISSED** with respect to his claims for discrimination, emotional stress, future wages, loss of employment, punitive and exemplary damages, and any other statute or law. Plaintiff's claim for unpaid wages and overtime under the FLSA may proceed;

(4) Plaintiff's Motion to Facilitate Settlement (DE 29) is **GRANTED**;

(5) the parties may contact Magistrate Judge J. Gregory Wehrman directly for the purpose of scheduling a settlement conference;

(6) Defendant Randstad USA Manufacturing and Logistics Motion to Strike, or in the Alternative Seal, Exhibit to Plaintiff's Motion to Facilitate Settlement (DE 38) is **GRANTED**;

(7) The Clerk of the Court shall **SEAL** Plaintiff's Exhibit to his Motion to Facilitate Settlement (DE 29-1).

Dated August 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY