UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| CORY L. CHENAULT, SR., <br>     **Plaintiff,** <br><br> V. <br><br> RANDSTAD USA MFG. AND LOGISTICS, *et al.*, <br>     **Defendants.** | CIVIL ACTION NO. 5:18-276-KKC <br><br><br> **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the plaintiff's motion for an extension of time to amend his complaint (DE 42). For the following reasons, the motion will be denied.

In a prior opinion, this Court ruled that much the plaintiff's original complaint did not meet the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009). For that reason, all of the plaintiff's claims, save his claims for unpaid wages and overtime under the FLSA, 29 U.S.C. §§ 206, 207, were dismissed. Improper parties were also terminated (DE 39).

The plaintiff, Cory L. Chenault, Sr., now moves for an extension of time to file an amended complaint (DE 42). Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of right within 21 days after serving it, receiving a responsive pleading, or receiving a motion under Fed. R. Civ. P. 12(b), (e), or (f). In all other cases, a party may amend its pleading only with leave of court or the written consent of their opposing party. Fed. R. Civ. P. 15(a)(2). Here, the plaintiff filed his motion well beyond the deadlines provided by Fed. R. Civ. P. 15(a)(1), so he may only amend his complaint with the written consent of the defendants, or with leave granted by this Court. As the defendants oppose

the plaintiff's motion, (DE 45), the question presented is limited to whether justice requires the Court to grant leave.

Factors to be considered when evaluating whether a party should be granted leave to file and amended pleading include undue delay, lack of notice, bad faith, repeated failures to cure pleading deficiencies, prejudice to the opposing party, and futility of the amendments proposed. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001); *Wray v. Am. United Life Ins. Co.*, 503 F. App'x 377 (6th Cir. 2012); *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

The Sixth Circuit, however, also finds it to be "implicit in [Rule 15(a)] that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (citation omitted). As such, where the substance of a proposed amendment is not before the Court, there is "no motion to deny," *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 485 (6th Cir. 2010), as a bare request for leave to amend a complaint "without any indication of the particular grounds on which amendment is sought [] does not constitute a motion within the contemplation of Rule 15(a)." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004). Such insufficient motions for leave to amend pleadings are routinely denied. *See Beydoun*, 871 F.3d at 470; *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006); *Smith v. Lappin*, 2009 WL 3161490, *3 (E.D. Ky. Sept. 29, 2009) ("[T]his Court has a practice of denying *pro se* plaintiffs' motions to amend unless the

2

plaintiffs attach amended complaints to their motions. Thus, to the extent that the letter should be interpreted as a motion to amend, it should be denied on that ground.").

Here, the plaintiff does not indicate in his motion any of the grounds or claims he seeks to amend (DE 42). He likewise does not attach a copy of any proposed amendment. *Id.* His motion is insufficient for the Court to consider, as it "does not constitute a motion within the contemplation of Rule 15(a)," due to the fact that the motion does not indicate the matters sought to be amended. *PR Diamonds, Inc.*, 364 F.3d at 699.

Accordingly, the Court **ORDERS** that plaintiff Chenault's motion for an extension of time to file an amended complaint (DE 42) is **DENIED**.

Dated September 5, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY